## THE GENERAL WOODWORK COMPANY v. NORTHWEST BODY COMPANY.[1]

May 11, 1923.

No. 23,318.

**Motion to vacate attachment.**

Decision of trial court on application to vacate an attachment sustained, the affidavits being conflicting. [Reporter.]

Action in the district court for Hennepin county to recover money. From an order, Buffington, J., denying defendant's motion to vacate a writ of attachment against defendant's property, defendant appealed. Affirmed.

*H. R. Hare,* for appellant.

*Allen & Fletcher,* for respondent.

PER CURIAM.

Action to recover money on a contract. Plaintiff procured a writ of attachment against defendant's property, under subdivision 4, § 7846, G. S. 1913. The writ was placed in the hands of the sheriff for service. Before service defendant obtained an order to show cause why the writ should not be vacated. The matter was submitted upon the return of the order to show cause and affidavits filed on behalf of the litigants.

The trial court made and filed an order refusing to vacate the writ unless the defendant file a bond in the sum of $4,000, conditioned for the payment of any judgment rendered against it, including interest, costs and disbursements. The order also enjoined the defendant from disposing of any of its property, until the further order of the court. Defendant furnished the bond in accordance with the order of the court and at the same time appealed from the order refusing to vacate the writ, and on November 13 filed a cost bond as provided by statute.

The motion to vacate is supported and opposed by affidavits. If the affidavits filed in support of the writ are true, defendant's handling of its property and effects was unusual. Judgments were being entered against it. It had received and disposed of considerable property without properly accounting for the same. Under the showings made in the affidavits, the preponderance of evidence was for the trial court and we see no abuse of discretion in that regard.

Affirmed.

Dibell, J. (concurring in result).

I concur in the result.

[1]Reported in 193 N. W. 595.

I agree that the affidavits sustain the trial court's order refusing to dissolve the writ. I do not understand that a bond, such as is mentioned in the order (paper book, pp. 15-16), to avoid being restrained from disposing of its property, was given by the defendant. The bond is the supersedeas bond under G. S. 1913, § 8003, on appeal from the order refusing to dissolve the attachment. It was given, not in compliance with the order, but to perfect the appeal and obtain a stay of the operation of the order.